## Lansdale Electrical Workers Assn. v. Borough of Lansdale

350

*Jules Pearlstine*, for plaintiff.

*Aaron S. Swartz*, for defendant.

GERBER, J., July 31, 1958. — Petitioner prays the court to select a third member of an arbitration panel.

The petition, answer, reply and stipulation establish the following: Petitioner, Lansdale Electrical Workers Association, is a Pennsylvania nonprofit corporation. The membership thereof is limited to employes of the electric plant owned and operated by the Borough of Lansdale. On September 12, 1957, there was an arbitration agreement entered into between said association and borough wherein the arbitrators, on behalf of the association and the borough council, made an award of arbitration which provided, inter alia:

"That the Lansdale Electrical Workers Association, a non-profit corporation, created by the Court of Common Pleas of Montgomery County, Pennsylvania, be recognized as the bargaining agent to deal with any committees or individuals designated by Borough Council for discussion of various problems which arise."

On December 20, 1957, the association, through its attorney, advised the borough council that the association sought arbitration of a wage dispute and had selected Jules Pearlstine as its arbitrator and asked the borough council to designate its arbitrator and that the two should proceed in accordance with the Act of June 30, 1947, P. L. 1183, sec. 1, as amended, 43 PS §215.1.

On January 3, 1958, the borough council selected its arbitrator. The two arbitrators met on January 30, 1958, and the arbitrator selected by the borough council refused to discuss anything and refused to participate in the selection of a third arbitrator. This petition followed. It was signed by the vice president, secretary and treasurer of the association, who stated under oath that Jules Pearlstine was selected as arbitrator for the association.

The title of the applicable Act of 1947, supra, reads:

"An act relating to strikes by public employes; prohibiting such strikes; providing that such employes by striking terminate their employment; providing for reinstatement under certain conditions; providing for a grievance procedure; and providing for hearings before civil service and tenure authorities, and in certain cases before the Pennsylvania Labor Relations Board."

Section 1(b) of said act reads, inter alia, as follows:

". . . In order to avoid or minimize any possible controversies by making available full and adequate governmental facilities for the adjustment of grievances, the governmental agency involved, at the request of the public employes, shall, within 15 days of such request, set up a panel of three members, one to be selected by the employes, one by the governmental agency, and the two so selected to select a third member. If, within fifteen (15) days of their selection, the two members selected by the governmental agency and the employes involved are unable to agree on the third member of the panel, either the governmental agency or the employes may petition the . . . Court of Common Pleas of the County wherein the political subdivision or authority is situated. Upon receipt of such a petition, the Court shall select a third member. . . ."

The borough council replies that after reasonable investigation, it is unable to determine whether Jules Pearlstine was selected as arbitrator for the association or whether the association represents the employes and demands proof that they were so chosen for their respective capacities by the employes in a secret, impartially conducted election.

The Act of 1947, supra, provides that "no public employe shall strike". This reiterates the fundamental concept that there is no right to strike against the public safety by anyone, anywhere, anytime. Recognizing that public employes cannot bargain in the accepted sense, the legislature wisely provided for an orderly procedure to adjust the grievance of public employes in order to avoid controversies.

The Act of 1947, supra, should be interpreted by the court to effectuate the foregoing expression of legislative policy rather than nullify it by a restrictive procedure. In Broadwater v. Otto, 370 Pa. 611, 616 (1952), the court stated:

"Public employees while prohibited from striking are not prevented from the formation of employee unions or restricted from lawful activities therein."

Thus the employes had a right to organize into an association. Within four months of the recognition of the association as the bargaining agent to deal with any committees or individuals designated by the borough council, the association asked for arbitration of a wage dispute. At no time has there been any question of any other bargaining agents speaking for the employes. The borough council has not averred that any employe has questioned the right of the association to act as the bargaining agent. If we are to follow the spirit of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, under the foregoing facts we should not permit the borough council to question the right of the association to act as bargaining agent for at least one year after September 12, 1957.

Further, under the authority of the well-considered opinion of Judge Ellenbogen in the case known as In re G. C. Murphy Company, 51 D. & C. 535 (1944), it is not good policy to in effect entertain a petition for a negative certificate that a designated party, previously recognized as a collective bargaining agent, is not the collective bargaining representative of a majority of the employes. In that case the court had before it, under the Pennsylvania Labor Relations Act, a petition averring that a majority of the employes in an appropriate unit did not desire further representation by the labor organization which had previously been certified by the board and to issue a certificate that the employes have not designated such union as their exclusive bargaining representative, and that such union is not the collective bargaining representative of said employes. The court expressed the thought that such petitions should not be entertained, that petitions for investigation and certification of representatives should not be entertained except in cases where it appears that the alleged question of representation is related directly to the right or claim of petitioner to be recognized as a collective bargaining representative, that it is not good policy to require the only union involved to participate in an election against its desires.

Even though the Act of 1947, supra, is separate and distinct from the Pennsylvania Labor Relations Act, nevertheless, if we consider the basic legislative policy announced in the Pennsylvania Labor Relations Act and announced in the very act which governs this case, we feel that these announced policies would be violated if this court entertained the negative proposition that the Borough of Lansdale is unable to determine whether the association represents the employes and demands proof thereof in a secret impartially conducted election. If that is all the municipal employer would have to do to bring about a question of repre-

sentation, they could do that every time there arose a question requiring negotiation. Certainly the municipal employer, if it feels that there is any honest, serious question of representation, should have the burden of making positive, definite averments thereof.

On the subject of the choice of an arbitrator the court has before it the sworn statement of three officers of the association that Jules Pearlstine had been selected by the association as its arbitrator. Again the municipal employer makes no definite, positive, affirmative averment that Jules Pearlstine is not the arbitrator chosen by the association but on the contrary, makes the negative averment that it is unable to determine whether Jules Pearlstine was selected as arbitrator for the association, and demands proof that he was so chosen by the employes in a secret, impartially conducted election.

The act grants neither the employe nor the employer the right to insist that the other select its arbitrator in a certain prescribed fashion. If an individual is commissioned as an arbitrator with credentials duly signed by the officers of the corporate body, the other party must accept these credentials unless they can make an affirmative averment that the credentials are fraudulent. Each side may only bargain on matters involving relations between employers and employes, but not on matters affecting relations between employes and their union.

In National Labor Relations Board v. Wooster Division of Borg-Warner Corp., 356 U. S. 342 (1958) the Supreme Court of the United States held that an employer would be guilty of an unfair practice were he to insist as a condition to any agreement that it include a ballot clause calling for a prestrike secret vote of the employes as to the employer's last offer. The court said, on page 350:

" A 'no-strike' clause prohibits the employees from striking during the life of the contract. It regulates the relations between the employer and the employees. See Labor Board vs. American Insurance Co., supra, at 408, n. 22. *The 'ballot' clause, on the other hand, deals only with relations between the employees and their unions.* It substantially modifies the collective-bargaining system provided for in the statute by weakening the independence of the 'representative' chosen by the employees. It enables the employer, in effect, to deal with its employees rather than with their statutory representative. C F. Medo Photo Corp. v. Labor Board, 321 U. S. 678." (Italics supplied.)

The principle of the above case is applicable here. Management cannot interfere in the internal operation of a union or other form of employe association as a condition precedent to bargaining, nor insist on provisions in a contract which are tantamount to such interference.

Thus the court does not deem it appropriate to order a secret election to allow the electrical employes of the Borough of Lansdale to select a bargaining agent nor to direct that the association select its arbitrator in a specific manner.

And now, to wit, July 31, 1958, the prayer of defendant, the Borough of Lansdale, that a secret, impartially conducted election be held upon terms and conditions to be fixed by the court for the employes to select an arbitrator and bargaining agent is herewith dismissed. The court retains jurisdiction of the petition and if the arbitrator selected by the borough council fails to meet with Jules Pearlstine, the arbitrator for the association, and if the two arbitrators fail to select a third member of the arbitration panel within 15 days, then, upon application to this court a third member of the panel will be selected by the court.